UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CAROL CHIULLI, Plaintiff | ) | C.A. No. 06-275T |
| vs. | ) | |
| DISABILITY REINSURANCE MANAGEMENT SERVICES, INC. and BOSTON MUTUAL LIFE INSURANCE COMPANY, Defendants | ) | |

**ANSWER OF BOSTON MUTUAL LIFE INSURANCE COMPANY**

Defendant Boston Mutual Life Insurance Company ("Boston Mutual") responds to the allegations of plaintiff's complaint as follows:

FIRST DEFENSE

1. Answering the allegations of paragraph 1, alleges that plaintiff Carol Chiulli is a participant in a long term disability plan (the "Plan") sponsored and maintained by her employer, Academic Enterprises d/b/a The Sawyer School, and that long term disability ("LTD") benefits under the Plan are funded by Boston Mutual policy No. G-53189; except as so alleged, lacks information sufficient to form a belief as to the remaining allegations of that paragraph.

2. Answering the allegations of paragraph 2, alleges that: Boston Mutual Life Insurance Company issued policy No. G-53189 to fund LTD benefits under the Plan; plaintiff's claims are subject to and governed by ERISA; and that this Court has jurisdiction over this action; except as so alleged, denies the remaining allegations of that paragraph.

3. Answering the allegations of paragraph 3, alleges that defendant Disability RMS acted as the claim administrator for the Plan; except as so alleged, denies the remaining allegations of that paragraph.

4. Answering the allegations of paragraph 4, alleges that plaintiff Carol Chiulli was, on or prior to May 21, 2004, an employee of Academic Enterprises and a participant in the Plan; except as so alleged, denies the remaining allegations of that paragraph.

5. Denies the allegations of paragraphs 5, 6, 8 and 10.

6. Answering the allegations of paragraph 7, alleges that plaintiff filed a claim for LTD benefits under the Plan; except as so alleged, denies the remaining allegations of that paragraph.

7. Answering the allegations of paragraph 9, alleges that plaintiff has claimed LTD benefits under the Plan and co-defendant Disability RMS, on behalf of Boston Mutual, denied that claim; except as so alleged, denies the remaining allegations of that paragraph.

SECOND DEFENSE

8. Plaintiff has failed to state a claim upon which relief may be granted.

THIRD DEFENSE

9. Plaintiff's remedies are limited solely to those afforded by ERISA.

FOURTH DEFENSE

10. Plaintiff's claims are barred because defendants discharged their respective duties in the interest of Plan participants and beneficiaries and, in doing so, acted in accordance with ERISA and the documents and instruments governing the Plan.

FIFTH DEFENSE

11. Plaintiff's claims are barred because the actions of defendants were not arbitrary, capricious, unreasonable or made in bad faith.

SIXTH DEFENSE

12. Plaintiff's claim is barred by her failure to satisfy all terms and conditions of the Plans for an award of LTD benefits.

SEVENTH DEFENSE

13. The decisions of defendants with respect to plaintiff's claims are entitled to deferential review.

EIGHTH DEFENSE

14. Under the terms of the Plan defendants are entitled to an offset based on any social security, workers' compensation or other income or benefits paid to plaintiff on account of disability.

WHEREFORE, defendant Boston Mutual demands judgment dismissing the complaint with prejudice and an award of fees and costs and such further relief as the Court may deem appropriate.

Catherine A. Shaghalian

Brooks R. Magratten, Esq., #3583
Catherine A. Shaghalian, Esq., #6883
VETTER & WHITE
Attorneys for Defendants
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bmagratten@vetterandwhite.com
cshaghalian@vetterandwhite.com

Dated: July 12, 2006

CERTIFICATE OF SERVICE

To:

Anthony J. Gianfrancesco, Esq.
Baluch, Gianfrancesco, Mathieu & Alger
155 South Main Street – Suite 101
Providence, RI 02903

I hereby certify that I served on the above-named counsel of record a copy of the within Answer of Boston Mutual Life Insurance Company by mailing first class mail, postage prepaid, on the 12th day of July, 2006.

Lisa A. Larivière